```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**STATE OF OHIO, et al.,**

    **Plaintiffs,**

  v.                                    Civ. Action No. 1:23-CV-100
                                                  (Judge Kleeh)

**NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,**

    **Defendant.**

## ORDER OF RECUSAL

Plaintiffs filed this matter yesterday afternoon, December 7, 2023, which, based on the allegations in the Complaint [ECF No. 1], was assigned to the Clarksburg Point of Holding Court. It is incumbent upon a judge to assess any potential need to recuse him or herself throughout any matter including at inception.

Congress established the recusal standards judges must consider. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The critical question presented under this statute "is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances." <u>Hathcock v. Navistar Int'l Transp. Corp.</u>, 53 F.3d 36, 41 (4th Cir. 1995). "In sum, § 455(a) forbids more than **actual**

bias.  Obviously, it is possible for facts to indicate that a judge **might** be biased such that recusal is required under § 455(a) even though none of those facts indicates actual bias necessitating recusal under § 455(b).  United States v. DeTemple, 162 F.3d 279, 286 (4th Cir. 1998) (emphasis in original).

For reasons appearing to the Court, including, but not limited to, my historical, public demonstration of dedicated and unwavering support of West Virginia University athletics, and in particular Mountaineer basketball, I must reluctantly conclude that my ability to preside impartially over this matter could be reasonably questioned.  Although Plaintiffs raise many issues, one Plaintiff—the State of West Virginia—asserts allegations and seeks relief which, if granted, could impact my alma mater's men's basketball program.  While I hold no personal reservation about my ability to preside over this matter impartially, the litigants are entitled to vindicate their claims in a forum untainted by any suggestion of partiality.

Therefore, for the benefit of all the litigants to this action and to ensure that these proceedings are not clouded or undermined by any accusation of partiality or bias, 28 U.S.C. § 455(a) requires my recusal.

In my capacity as Chief Judge, the Court **ORDERS** that this matter be transferred to and placed on the docket of the Honorable John Preston Bailey, United States District Judge.

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Order to counsel of record.

**DATED:** December 8, 2023

*[signature: Tom S Kleeh]*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA