IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

STATE OF OHIO,
STATE OF COLORADO,
STATE OF ILLINOIS,
STATE OF MINNESOTA,
STATE OF MISSISSIPPI,
STATE OF NEW YORK,
STATE OF NORTH CAROLINA,
STATE OF TENNESSEE,
COMMONWEALTH OF VIRGINIA,
STATE OF WEST VIRGINIA,
DISTRICT OF COLUMBIA, and
UNITED STATES OF AMERICA,

    Plaintiffs,

        v.

NATIONAL COLLEGIATE
ATHLETIC ASSOCIATION,

    Defendant.

Civil No. 1:23-cv-100

Judge John Preston Bailey

 **CONSENT JUDGMENT AND PERMANENT INJUNCTION**

    1.    WHEREAS the Plaintiff States of Ohio, Colorado, Illinois, Minnesota, Mississippi, New York, North Carolina, Tennessee, and West Virginia; the Commonwealth of Virginia; the District of Columbia (collectively, "States"); and the United States of America have brought this action alleging violations of the Sherman Act, 15 U.S.C. § 1 et. seq, against Defendant National Collegiate Athletic Association ("NCAA").

2. WHEREAS the Plaintiff States, through their respective Attorneys General, are duly authorized to bring suits for injunctive relief to enforce the Sherman Act pursuant to 15 U.S.C. §§ 1 and 26.

3. WHEREAS Plaintiff United States of America is duly authorized to bring suits for injunctive relief to enforce the Sherman Act pursuant to 15 U.S.C. §§ 1 and 4.

4. WHEREAS all parties consent to this venue and to the personal jurisdiction of the Court for purposes of this litigation, entry of the Consent Judgment, and any subsequent litigation to enforce its terms.

5. WHEREAS this Court has subject matter jurisdiction over this action under 15 U.S.C. § 4 and 28 U.S.C. §§ 1331 and 1337(a), and in the case of plaintiff United States, 28 U.S.C. § 1345.

6. WHEREAS the NCAA's member institutions and conferences have adopted rules and regulations governing certain aspects of college sports.

7. WHEREAS NCAA Bylaw[1] 14.5.5.1, herein referred to as the Transfer Eligibility Rule, provides that certain transfer students shall not be eligible for intercollegiate competition in Division I until they have fulfilled an academic "year of residence" at their new institution, unless they qualify for a transfer exception or secure a waiver.

---

[1] All references to "Bylaws" or "NCAA Rules" are to the *NCAA Division I 2023-24 Manual*.

8. WHEREAS Plaintiffs allege that the Transfer Eligibility Rule has unreasonably restrained competition for Division I student-athletes among schools and has prevented them from realizing the benefits of free and open competition for their athletic services.

9. WHEREAS Plaintiffs allege that the Transfer Eligibility Rule yields few, if any, procompetitive benefits.

10. WHEREAS Plaintiffs allege that, as a direct result of the NCAA's conduct, Division I student-athletes and consumers of college athletics have suffered and continue to suffer antitrust injury due to the reduction in competition among member institutions for student-athletes' services.

11. WHEREAS Plaintiffs therefore allege that the Transfer Eligibility Rule is an illegal agreement to restrain and suppress competition in the nationwide market for Division I student-athletes' labor in intercollegiate athletics, in violation of Section 1 of the Sherman Act.

12. WHEREAS NCAA Bylaw 12.11.4.2, herein referred to as the Rule of Restitution, provides that, if a student-athlete obtains an injunction against the NCAA, and the student-athlete and his or her member institution conduct themselves in conformity with that injunction, the NCAA may nonetheless impose certain penalties on both the student-athlete and the member institution if the injunction is ultimately vacated, stayed, or reversed.

13. WHEREAS Plaintiffs allege that the Rule of Restitution deters member institutions from relying on court orders finding that the NCAA's rules are

anticompetitive (or otherwise illegal) and, therefore, deprives courts of the ability to grant effective relief from violations of state and federal law.

14. WHEREAS Plaintiffs allege that for injunctive relief prohibiting enforcement of the Transfer Eligibility Rule to be effective, the NCAA must also be enjoined from enforcing the Rule of Restitution to punish member institutions or student-athletes who immediately participate in intercollegiate competition following a transfer.

15. WHEREAS following an evidentiary hearing, the Court entered a temporary restraining order and preliminary injunctive relief against the NCAA enjoining enforcement of the Transfer Eligibility Rule and the Rule of Restitution. Dkt. 39, 63.

16. WHEREAS Plaintiffs allege that absent permanent injunctive relief, Division I student-athletes will continue to suffer irreparable harm from the Transfer Eligibility Rule, whether by missing games that cannot be replayed, failing to secure NIL deals or professional opportunities that would otherwise be available, or foregoing transfer decisions they would otherwise pursue.

17. WHEREAS Plaintiffs allege that the balance of the equities favors issuing a permanent injunction, and issuance of a permanent injunction is in the public interest.

18. WHEREAS the Plaintiff States and the NCAA have agreed to resolve this matter by entry of this Consent Judgment.

**Accordingly, it is HEREBY ORDERED, ADJUDGED, AND DECREED:**

19. The foregoing recitals are incorporated and made a part of this Consent Judgment.

20. The NCAA shall take all steps necessary to comply with this Consent Judgment.

21. This Consent Judgment resolves only Plaintiff States' claims with respect to the Transfer Eligibility Rule as applied to Division I student- athletes and does not affect other Bylaws or claims not made in this action. For the avoidance of doubt, this Final Judgment does not apply to any Bylaws of NCAA Division II or NCAA Division III nor does it resolve any antitrust claims regarding those rules.

22. The NCAA and any person or organization acting in concert with it (including but not limited to its officers, employees, staff, member institutions, councils, and committees), are permanently restrained and enjoined from:

    a. enforcing the Transfer Eligibility Rule, NCAA Bylaw 14.5.5.1, or any substantially similar rule requiring a Division I student-athlete to maintain a period of residence or otherwise refrain from competition solely because of a transfer between NCAA member institutions;

    b. enforcing the Rule of Restitution, NCAA Bylaw 12.11.4.2, on any Division I member institution or student-athlete related to a student-athlete's participation in intercollegiate competition following a transfer in reliance on this Court's temporary restraining order or preliminary injunction or this Consent Judgment;

    c. taking any other action to retaliate against a Division I member institution for conduct related to the Transfer Eligibility Rule,

    including but not limited to (i) supporting a student-athlete who challenged the Transfer Eligibility Rule or (ii) permitting a student-athlete to compete during the period of this Court's temporary restraining order or its preliminary injunction in reliance on those orders; and

  d. taking any action to retaliate against any Division I student-athlete that transferred NCAA member institutions, including but not limited to those student-athletes who (i) challenged the Transfer Eligibility Rule, (ii) sought a waiver from the Transfer Eligibility Rule, or (iii) competed during the period of this Court's temporary restraining order or its preliminary injunction in reliance on those orders.

23. The NCAA shall provide an additional year of eligibility to any Division I student-athlete who was deemed ineligible to compete for a season or any portion of a season of competition occurring during or since the 2019-20 academic year because of the Transfer Eligibility Rule provided the student-athlete:

  a. transferred between two member institutions more than once;

  b. is currently enrolled at a Division I member institution; and

  c. is currently eligible to compete, or their eligibility expired at the end of a season of competition completed during the 2023-24 academic year.

For the avoidance of doubt, a Division I student-athlete described in this provision shall have no fewer than six calendar years to complete their four seasons of

intercollegiate competition in any one sport (see NCAA Bylaw 12.8), instead of the five calendar years set forth under NCAA Bylaw 12.8.1. Within sixty (60) days of entry of this Consent Judgment, the NCAA shall post a copy of this Consent Judgment on its public web site.

24. The NCAA shall not take any action, nor adopt any rules, by-laws or policies that have the effect of undermining or circumventing the provisions of this Consent Judgment.

25. The NCAA shall pay the Plaintiff States their reasonable fees and costs incurred in prosecuting this action in an amount previously agreed upon by the parties.

26. The Court will retain jurisdiction for purposes of enforcing this Consent Judgment and resolving any dispute that may arise under it.

SO ORDERED this 31st day of May, 2024

The Honorable John Preston Bailey
United States District Judge

SO AGREED:

Date: May 30, 2024

/s/ Derek M. Whiddon
Derek M. Whiddon
Assistant Attorney General, Antitrust Section
Office of the Ohio Attorney General
FOR PLAINTIFF STATE OF OHIO

/s/ Bryn Williams
Bryn Williams
First Assistant Attorney General
Colorado Department of Law
Office of the Attorney General
FOR PLAINTIFF STATE OF COLORADO

/s/ Adam Gitlin
Adam Gitlin
Chief, Antitrust and Nonprofit Enforcement Section
Office of the Attorney General for the District of Columbia
FOR PLAINTIFF DISTRICT OF COLUMBIA

/s/ Elizabeth L. Maxeiner
Elizabeth L. Maxeiner
Chief, Antitrust Bureau
Office of the Illinois Attorney General
FOR PLAINTIFF STATE OF ILLINOIS

/s/ Elizabeth Odette
Elizabeth Odette
Assistant Attorney General, Manager, Antitrust Division
Office of the Minnesota Attorney General
FOR PLAINTIFF STATE OF MINNESOTA

/s/ Caleb Pracht
Caleb Pracht
Special Assistant Attorney General, Consumer Protection Division
Mississippi Office of the Attorney General
FOR PLAINTIFF STATE OF MISSISSIPPI

/s/ *Elinor R. Hoffmann*
Elinor R. Hoffmann
Chief, Antitrust Bureau
New York State Office of the Attorney General
FOR PLAINTIFF STATE OF NEW YORK

/s/ *Jonathan R. Marx*
Jonathan R. Marx
Special Deputy Attorney General
North Carolina Department of Justice
FOR PLAINTIFF STATE OF NORTH CAROLINA

/s/ *J. David McDowell*
J. David McDowell
Deputy, Consumer Protection Division
Office of the Attorney General and Reporter
FOR PLAINTIFF STATE OF TENNESSEE

/s/ *Tyler T. Henry*
Tyler T. Henry
Senior Assistant Attorney General and Manager
Antitrust Unit
Office of the Virginia Attorney General
FOR PLAINTIFF COMMONWEALTH OF VIRGINIA

/s/ *Douglas L. Davis*
Douglas L. Davis
Senior Assistant Attorney General
Office of the West Virginia Attorney General
FOR PLAINTIFF STATE OF WEST VIRGINIA AND AS LOCAL COUNSEL FOR THE PLAINTIFF STATES

/s/ *Phillip D. Bartz*
Philip D. Bartz
Bryan Cave Leighton Paisner LLP
COUNSEL FOR DEFENDANT NATIONAL COLLEGIATE ATHLETIC ASSOCIATION

/s/ *Benjamin L. Bailey*
Benjamin L. Bailey
Bailey & Glasser LLP
LOCAL COUNSEL FOR DEFENDANT NATIONAL COLLEGIATE ATHLETIC ASSOCIATION