IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

STATE OF OHIO,
STATE OF COLORADO,
STATE OF ILLINOIS,
STATE OF MINNESOTA,
STATE OF MISSISSIPPI,
STATE OF NEW YORK,
STATE OF NORTH CAROLINA,
STATE OF TENNESSEE,
COMMONWEALTH OF VIRGINIA,
STATE OF WEST VIRGINIA,
DISTRICT OF COLUMBIA, and
UNITED STATES OF AMERICA,

    Plaintiffs,

    v.

NATIONAL COLLEGIATE
ATHLETIC ASSOCIATION,

    Defendant.

Civil No. 1:23-cv-100
Judge John Preston Bailey

### FINAL JUDGMENT AND PERMANENT INJUNCTION

1.    WHEREAS the Plaintiff States of Ohio, Colorado, Illinois, Minnesota, Mississippi, New York, North Carolina, Tennessee, and West Virginia; the Commonwealth of Virginia; the District of Columbia (collectively, "States"); and the United States of America have brought this action alleging violations of the Sherman Act, 15 U.S.C. § 1 et seq., against Defendant National Collegiate Athletic Association ("NCAA").

2.    WHEREAS Plaintiff States, through their respective Attorneys General, are duly authorized to bring suits for injunctive relief to enforce the Sherman Act pursuant to 15 U.S.C. §§ 1 and 26.

1

3. WHEREAS Plaintiff United States of America is duly authorized to bring suits for injunctive relief to enforce the Sherman Act pursuant to 15 U.S.C. §§ 1 and 4.

4. WHEREAS all parties consent to this venue and to the personal jurisdiction of the Court for purposes of this litigation, entry of the Final Judgment, and any subsequent litigation to enforce its terms.

5. WHEREAS this Court has subject matter jurisdiction over this action under 15 U.S.C. § 4 and 28 U.S.C. §§ 1331 and 1337(a), and in the case of Plaintiff United States, 28 U.S.C. § 1345.

6. WHEREAS the NCAA's member institutions and conferences have adopted rules and regulations governing certain aspects of college sports.

7. WHEREAS NCAA Bylaw[1] 14.5.5.1, herein referred to as the Transfer Eligibility Rule, provides that certain transfer students shall not be eligible for intercollegiate competition in Division I until they have fulfilled an academic "year of residence" at their new institution, unless they qualify for a transfer exception or secure a waiver.

8. WHEREAS Plaintiffs allege that the Transfer Eligibility Rule has unreasonably restrained competition for Division I student-athletes among schools and has prevented them from realizing the benefits of free and open competition for their athletic services.

9. WHEREAS Plaintiffs allege that the Transfer Eligibility Rule yields few, if any, procompetitive benefits.

10. WHEREAS Plaintiffs allege that, as a direct result of the NCAA's conduct, Division I student-athletes and consumers of college athletics have suffered and continue to suffer

---

[1] All references to "Bylaws" or "NCAA Rules" are to the *NCAA Division I 2023-24 Manual*.

2

antitrust injury due to the reduction in competition among member institutions for student-athletes' services.

11. WHEREAS Plaintiffs therefore allege that the Transfer Eligibility Rule is an illegal agreement to restrain and suppress competition in the nationwide market for Division I student-athletes' labor in intercollegiate athletics, in violation of Section 1 of the Sherman Act.

12. WHEREAS NCAA Bylaw 12.11.4.2, herein referred to as the Rule of Restitution, provides that, if a student-athlete obtains an injunction against the NCAA, and the student-athlete and his or her member institution conduct themselves in conformity with that injunction, the NCAA may nonetheless impose certain penalties on both the student-athlete and the member institution if the injunction is ultimately vacated, stayed, or reversed.

13. WHEREAS Plaintiffs allege that the Rule of Restitution deters member institutions from relying on court orders finding that the NCAA's rules are anticompetitive (or otherwise illegal) and, therefore, deprives courts of the ability to grant effective relief from violations of state and federal law.

14. WHEREAS Plaintiffs allege that for injunctive relief prohibiting enforcement of the Transfer Eligibility Rule to be effective, the NCAA must also be enjoined from enforcing the Rule of Restitution to punish member institutions or student-athletes who immediately participate in intercollegiate competition following a transfer.

15. WHEREAS following an evidentiary hearing, the Court entered a temporary restraining order and preliminary injunctive relief against the NCAA enjoining enforcement of the Transfer Eligibility Rule and the Rule of Restitution. Dkt. 39, 63.

16. WHEREAS Plaintiffs allege that absent permanent injunctive relief, Division I student-athletes will continue to suffer irreparable harm from the Transfer Eligibility Rule, whether by missing games that cannot be replayed, failing to secure name, image, and likeness ("NIL")

deals or professional opportunities that would otherwise be available, or foregoing transfer decisions they would otherwise pursue.

17. WHEREAS Plaintiffs allege that the balance of the equities favors issuing a permanent injunction, and issuance of a permanent injunction is in the public interest.

18. WHEREAS the United States and the NCAA have agreed to resolve this matter by entry of this Final Judgment.

**Accordingly, it is HEREBY ORDERED, ADJUDGED, AND DECREED:**

19. The foregoing recitals are incorporated and made a part of this Final Judgment.

20. The NCAA shall take all steps necessary to comply with the Stipulation and Order entered by the Court.

21. This Final Judgment resolves only the United States' claims with respect to the Transfer Eligibility Rule as applied to Division I student-athletes and does not affect other Bylaws or claims not made in this action. For the avoidance of doubt, this Final Judgment does not apply to any Bylaws of NCAA Division II or NCAA Division III nor does it resolve any antitrust claims regarding those rules.

22. The NCAA and any person or organization acting in concert with it (including but not limited to its officers, employees, staff, member institutions, councils, and committees), are permanently restrained and enjoined from:

    a. enforcing the Transfer Eligibility Rule, NCAA Bylaw 14.5.5.1, or any substantially similar rule requiring a Division I student-athlete to maintain a period of residence or otherwise refrain from competition solely because of a transfer between NCAA member institutions;

    b. enforcing the Rule of Restitution, NCAA Bylaw 12.11.4.2, on any Division I member institution or student-athlete related to a student-athlete's participation in intercollegiate competition following a transfer in reliance on this Court's temporary restraining order or preliminary injunction or this Final Judgment;

    c. taking any other action to retaliate against a Division I member institution for conduct related to the Transfer Eligibility Rule, including but not limited to (i) supporting a student-athlete who challenged the Transfer Eligibility Rule or (ii) permitting a student-athlete to compete during the period of this Court's temporary restraining order or its preliminary injunction in reliance on those orders; and

    d. taking any action to retaliate against any Division I student-athlete that transferred NCAA member institutions, including but not limited to those student-athletes who (i) challenged the Transfer Eligibility Rule, (ii) sought a waiver from the Transfer Eligibility Rule, or (iii) competed during the period of this Court's temporary restraining order or its preliminary injunction in reliance on those orders.

23.     The NCAA shall provide an additional year of eligibility to any Division I student-athlete who was deemed ineligible to compete for a season or any portion of a season of competition occurring during or since the 2019-20 academic year because of the Transfer Eligibility Rule provided the student-athlete:

    a. transferred between two member institutions more than once;

    b. is currently enrolled at a Division I member institution; and

    c. is currently eligible to compete, or their eligibility expired at the end of a season of competition completed during the 2023-24 academic year.

For the avoidance of doubt, a Division I student-athlete described in this provision shall have no fewer than six calendar years to complete their four seasons of intercollegiate competition in any one sport (see NCAA Bylaw 12.8), instead of the five calendar years set forth under NCAA Bylaw 12.8.1.

24. For the purposes of determining or securing compliance with this Final Judgment or determining whether this Final Judgment should be modified or vacated, upon written request of Plaintiffs and reasonable notice to the NCAA, the NCAA must:

   a. permit, subject to legally recognized privileges, authorized representatives of Plaintiffs to inspect all books, ledgers, accounts, records, data, and documents in the possession, custody, or control of the NCAA relating to any matters contained in this Final Judgment;

   b. permit, subject to legally recognized privileges, authorized representatives of Plaintiffs to interview, either informally or on the record, the NCAA's officers, employees, or agents relating to any matters contained in this Final Judgment; and

   c. submit written reports or respond to written interrogatories, under oath if requested, relating to any matters contained in this Final Judgment.

25. No information or documents obtained pursuant to this Final Judgment may be divulged by Plaintiffs to any person other than an authorized representative of Plaintiffs, except (a) in the course of legal proceedings to which the United States is a party, including grand-jury proceedings; (b) for the purpose of securing compliance with this Final Judgment; or (c) as otherwise required by law.

26. If the United States receives a request under the Freedom of Information Act, 5 U.S.C. § 552, for disclosure of documents or information obtained pursuant to this Final Judgment, the United States will act in accordance with that statute and with all applicable

Department of Justice regulations regarding the protection of confidential commercial information. When providing any documents or information to the United States pursuant to this Final Judgment, the NCAA should designate the confidential portions of such materials as provided by 28 C.F.R. § 16.7.

27. Within sixty (60) days of entry of this Final Judgment, the NCAA shall post a copy of this Final Judgment on its public web site.

28. The NCAA shall not take any action, nor adopt any rules, by-laws or policies that have the effect of undermining or circumventing the provisions of this Final Judgment.

29. The Court will retain jurisdiction for purposes of enforcing this Final Judgment and resolving any dispute that may arise under it.

30. Plaintiff United States retains and reserves all rights to enforce the provisions of this Final Judgment, including the right to seek an order of contempt from the Court. The NCAA agrees that in a civil contempt action, a motion to show cause, or a similar action brought by the United States relating to an alleged violation of this Final Judgment, the United States may establish a violation of this Final Judgment and the appropriateness of a remedy therefor by a preponderance of the evidence, and the NCAA waives any argument that a different standard of proof should apply. This Final Judgment should be interpreted to give full effect to the procompetitive purposes of the antitrust laws and to restore the competition Plaintiffs allege was harmed by the challenged conduct. The NCAA agrees that it may be held in contempt of, and that the Court may enforce, any provision of this Final Judgment that, as interpreted by the Court in light of these procompetitive principles and applying ordinary tools of interpretation, is stated specifically and in reasonable detail, whether or not it is clear and unambiguous on its face. In any such interpretation, the terms of this Final Judgment should not be construed against either party as the drafter.

31.   In connection with a successful effort by the United States to enforce this Final Judgment against the NCAA, whether litigated or resolved before litigation, the NCAA agrees to reimburse the United States for reasonable fees and expenses incurred by its attorneys, as well as all other costs including experts' fees, reasonably incurred in connection with that effort to enforce this Final Judgment, including in the investigation of the potential violation.

32.   Entry of this Final Judgment is in the public interest. The United States and the NCAA have complied with the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, including by making available to the public copies of this Final Judgment and the Competitive Impact Statement, public comments thereon, and any response to comments by the United States. Based upon the record before the Court, which includes the Competitive Impact Statement and, if applicable, any comments and response to comments filed with the Court, entry of this Final Judgment is in the public interest.

Dated: **August 30** 2024

_____
John Preston Bailey
United States District Judge